IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Civil Case No.:

| | |
|---|---|
| JOEL MEDGEBOW, as an individual and on behalf of all others similarly situated, | : : : |
| *Plaintiff,* | : : |
| *vs.* | : : : |
| MERCHANT CAPITAL SOURCE, LLC, a California limited liability company, | : : : |
| *Defendant.* | : : |

**CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES
AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § *227 et seq.,*
THE TELEPHONE CONSUMER PROTECTION ACT**

Plaintiff, JOEL MEDGEBOW, ("Plaintiff") individually, and on behalf of all others similarly situated, by and through his undersigned counsel, and pursuant to all applicable *Federal Rules of Civil Procedure*, hereby files this Class Action Complaint, and alleges against Defendant, MERCHANT CAPITAL SOURCE, LLC, a California limited liability company ("MERCHANT CAPITAL" or "Defendant"), as follows:

**I. INTRODUCTION**

1.      Plaintiff brings this action against Defendant to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2.      Plaintiff brings this claim pursuant to 47 U.S.C. §§ 227(b) and the associated Federal Communications Commission ("FCC") Regulations, for unlawful, unsolicited calls made to the cellular telephones of Plaintiff and others using an automatic telephone dialing system and an artificial or prerecorded voice.

## **JURISDICTION AND VENUE**

3. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747 (2012). The Court further has subject matter jurisdiction over this action pursuant to the Class action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under that section apply to this action. Plaintiff is a citizen of Florida and Defendant can be considered a citizen of California for diversity purposes. Based upon information and belief, all individual members of Defendant are citizens of states other than Florida. Based on publicly available information, the citizenship of each individual member of Defendant cannot be confirmed at this time. The citizenship of each individual member of Defendant will be determined throughout the course of discovery.

4. Plaintiff alleges that based on the anticipated number of unlawful calls made by Defendant, the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00, in the aggregate, exclusive of interest and costs, and as set forth below,

5. This Court has personal jurisdiction over Defendant because it conducts significant amounts of business in this District and the unlawful conduct alleged herein occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant conducts business in this District, the improper conduct alleged in this Complaint occurred in this District, and the injury arose in this District. Venue is additionally proper because Plaintiff resides in this district.

### III. PARTIES

7. Plaintiff JOEL MEDGEBOW is a natural person and a resident of Palm Beach County, Florida. At all relevant times Plaintiff was the sole user, subscriber, owner, and possessor of the cellular telephone at issue.

8. Defendant MERCHANT CAPITAL SOURCE, LLC is a limited liability company existing under the laws of the State of California, with its principle place of business located at 2120 Main Street, Ste. 220, Huntington Beach, CA 92648, and a Registered Agent listed as Greg Miner, at 2120 Main Street, Ste. 220, Huntington Beach, CA 9264.

9. Plaintiff alleges that, at all times relevant herein, Defendant and its subsidiaries, affiliates, and other related entities, as well as their respective officers, directors, employees, were the agents, servants and employees of Defendant and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

### IV. FACTUAL ALLEGATIONS

10. Defendant is a company engaged in the business of lending money to small businesses. Defendant provides small business loans and merchant cash advances to assist the capital needs of small businesses.

11. It offers its services throughout Florida and the United States.

12. Defendant solicits prospective business customers by engaging in the systematic business practice of placing uninvited telemarketing calls to potential customers, and then attempting to sell them a small business loan or cash advance.

13. In order to obtain more customers, Defendant uses the invasive and illegal method of telemarketing solicitation known as "robocalling."

14. Because Defendant makes unsolicited robocalls to potential customers without

prior consent, it has, and continues to violate the TCPA.

15. Upon information and belief, Defendant purchases information about consumers, including telephone numbers, and then places telemarketing calls to said consumers.

16. Upon information and belief, Defendant uses equipment that constitutes an automatic telephone dialing system under 47 U.S.C. § 227(a) to place calls to consumers' cellular telephones.

17. Further, Defendant delivers pre-recorded messages in its telemarketing calls to consumers.

18. Defendant places urgent pre-recorded calls to consumers notifying them that they are eligible for a business loan. The messages lead the consumer to believe that Defendant is calling them directly, when it fact, a pre-recorded message using an automatic dialing system through the use of a third party company is utilized by Defendant to solicit customers. To learn more and claim his or her easy cash, the consumer is instructed to press a digit on their phone's keypad. If the consumer further identifies that he or she owns a business, he or she is automatically connected to a live foreign operator. The live foreign operator then screens the consumer further to determine if he or she is "eligible" for a loan. If the consumer is "eligible," he or she is then connected to Defendant directly to speak with Defendant's "loan specialist."

19. If a consumer tries to call the telephone number back that called, they will only reach a pre-recorded opt-out message that does not identify the company calling from that phone number, which is one-way Defendant tries to conceal its identity. Defendant also uses different telephone numbers from which the robocalls are made.

20. Defendant's telemarketing sequence is designed to hide the real identity of the company behind the telemarketer since the company did not have consent to call the consumer.

21. Defendant made, and continues to make, these telemarketing calls to consumers nationwide without their prior written consent to do so.

22. Even though these calls are directed towards businesses, many consumers, including Plaintiff, received these pre-recorded robocalls calls on their cell phone.

23. Defendant made and continues to make these telemarketing calls to consumers throughout Florida and nationwide without their prior written express consent to do so.

24. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls, like those at issue here. Defendant made these calls despite the fact that neither Plaintiff, nor the other members of the putative Class, ever provided Defendant with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

**FACTS RELATING TO PLAINTIFF**

25. On or around October 6, 2015 Plaintiff received a telephone call on his personal cellular telephone regarding his eligibility for a business loan. The pre-recorded call stated substantially "Sorry we missed you . . . We see that you may be eligible for a loan for your business from Easy Cash. Press 1 to speak with a representative." Plaintiff uses his personal cellular telephone as his residential line.

26. Although Plaintiff answered his telephone and did not miss the call, the pre-recorded message stated "sorry we missed you . . .," thus evidencing that the call was made from a pre-recorded automatic dialing system.

27. When his cellular telephone rang, Plaintiff's "Caller ID" displayed 206-519-6565 as the telephone number from which the call originated. Based upon information and belief, Plaintiff had also previously received this pre-recorded and uninvited messages from different telephone numbers as well. This time, however, he finally pressed 1 as result of Defendant's repeated and uninvited calls.

28. Plaintiff initially pressed 1 to speak with to a live operator since he thought the call was from Defendant. However, once he questioned the live operator, the operator revealed that the call was from the "Business Loan Center." Based upon information and belief, the operator called from a call center in a foreign country.

29. The operator, deceivingly, advised Plaintiff that Defendant's telephone number was the same telephone number that called him. However, when Plaintiff called the telephone number back using a separate telephone line, he was met with a prerecorded opt-out message that stated substantially, "Thank you for calling back. If you are not interested in receiving any future calls regarding our special promotions and would like to be placed on our do not call list, please press 1 now." The prerecorded message did not reveal the company's name. Based upon information and belief, the telephone number that called Plaintiff belongs to the third party marketing company employed by Defendant to carry out its automatic dialing system scheme, not Defendant.

30. Plaintiff advised the operator than when he called the telephone number back using another line it only went to a pre-recorded message, not the Defendant. In response, and after asking Plaintiff additional questions to screen his "eligibility" for a loan, the operator advised that all he could do was transfer Plaintiff to a loan specialist to explain more.

31. Plaintiff was then transferred to someone who appeared to be in the United States, who said he worked for Merchant Capital Source (http://merchantcapitalsource.com). The

representative's name was Ruben Orozco.

32. Since the time of Plaintiff's telephone call with Ruben Orozco, Plaintiff has received additional calls utilizing the same pre-recorded message. On each of these subsequent calls, Plaintiff has advised that he is on the "do not call list," and to stop calling. However, Plaintiff continues to receive unsolicited calls through the use of an automatic dialing system.

33. Plaintiff's cell phone has been registered on the do not call registry since February 2, 2011.

34. Plaintiff did not provide his prior express written to be called by Defendant and did not interact with Defendant in any way prior to receiving a call from them.

35. Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior written express consent.

36. Plaintiff was damaged by Defendant's calls. His privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted phone calls forcing him to divert attention away from his work and other activities.

37. Plaintiff brings this action seeking an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees

## V. CLASS ACTION ALLEGATIONS

38. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

39. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as, Nationwide Classes as follows:

   a. **Nationwide Class**. Plaintiff brings this action on behalf of himself and on behalf of nationwide class, as follows:

      i. **Nationwide Robocall Class.** All persons in the United States who, within four years prior to the filing of this action, Defendant or some person on Defendant's behalf called on their cell phone using an artificial or prerecorded voice message or equipment with the capacity to dial numbers without human intervention, where the recipient did not give the cell phone number to Defendant for purposes of receiving automated marketing calls;

40. Plaintiff respectfully reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified, including but not limited to the creation the subclasses based on geography and the timeframe when the unsolicited calls were received, as well as by persons listed on the do not call registry who received unsolicited calls. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff

41. Defendant's representations, practices and/or omissions were applied uniformly to all members of all Class, including any subclasses, so that the questions of law and fact are common to all members of the Class and any subclass.

42. All members of the Class and any subclasses were and are similarly affected by the uninvited and unsolicited calls through the use of robocalling, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclasses.

**Numerosity—Federal Rule of Civil Procedure 23(a)(1)**

43. Based on the anticipated number of calls dialed, it is readily apparent that the number of consumers in both the Class and any subclasses is so large as to make joinder impractical, if not impossible. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

**Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) and (b)(3)**

44. Questions of law and fact common to the Plaintiff Class and any subclasses exist that predominate over questions affecting only individual members, including, *inter alia*:

45. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

46. Whether Defendant had prior express permission, or prior express written permission, to contact Plaintiff and the other members of the putative Class when they made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice;

47. Whether Plaintiff and the Class are entitled to damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the putative Class are entitled to trebled damages.

**Typicality—Federal Rule of Civil Procedure 23(a)(3)**

48. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclasses, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclasses is common to the members of each. Further, there are no defenses available to Defendant that are unique to Plaintiff.

**Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4)**

49. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclasses.

50. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation. The Class' interests will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. Undersigned counsel has represented consumers in a wide variety of actions where they have sought to protect consumers from fraudulent and deceptive practices.

**Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2)**

51. Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the final injunctive relief and declaratory relief sought on behalf of the Class and any subclass as respective wholes. Further, given the large number of consumers who received calls, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

**Superiority—Federal Rule of Civil Procedure 23(b)(3)**

52. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum

simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

53. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action. Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

54. Certification of this class action is appropriate under Rule 23, *Federal Rule of Civil Procedure*, because the questions of law or fact common to the respective members of the Class and any subclasses predominate over questions of law or fact affecting only individual members. This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

## COUNT I
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) (On Behalf of Plaintiff and the Class)**

55. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 54 above, as if fully set forth herein.

56. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

57. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Servs., Inc.*, No.

07- 61822, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07–232, ¶ 12, n. 23 (2007)).

58. Defendant, or its agent, used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. Many of these calls, including at least one call to Plaintiff, utilized prerecorded messages.

59. These calls were made without regard to whether or not Defendant had first obtained prior express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the § 227(b) putative Class when its calls were made.

60. Furthermore, after October 16, 2013 the FCC required that Defendant obtain prior written express consent to place telemarketing calls to cellular telephone numbers. See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1831 (2012).

61. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and an artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express permission.

62. Defendant knew that it did not have prior express consent to make these calls, knew that it was using equipment that constituted an automatic telephone dialing system, and knew that it was using prerecorded messages. The violations were therefore willful or knowing.

63. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA,

Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

64. Because Defendant knew that Plaintiff and the members of the putative Class had not given prior express consent to receive autodialed and prerecorded calls to their cellular telephones, and knew that it used an automatic telephone dialing system and prerecorded voice messages to call the cell phones of Plaintiff and the other members of the Class without prior express permission, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant Merchant Capital Sources, LLC, for:

   a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

   b. Statutory damages of $500 per call;

   c. Willful damages at $1,500 per call;

   d. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

   e. An injunction prohibiting Defendant from using an automatic telephone dialing system or artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express written consent of the called party;

   f. Reasonable attorney's fees and costs; and

   g. Such further and other relief as this Court deems reasonable and just.

## XII. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all issues so triable.

**Respectfully Submitted By,**

Dated: October 28, 2015

*/s/   Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar. No.: 83397
**EGGNATZ, LOPATIN & PASCUCCI, LLP**
5400 S. University Drive, Ste. 413
Davie, FL 33328
Tel:    (954) 889-3359
Fax:    (954) 889-5913
MPascucci@ELPLawyers.com
JEggnatz@ELPLawyers.com


Steven R. Jaffe (Fla. Bar No. 390770)
Seth M. Lehrman (Fla. Bar No. 132896)
**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS & LEHRMAN, P.L.**
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Tel: (954) 524-2820
Fax: (954) 524-2822
steve@pathtojustice.com
seth@pathtojustice.com

*Attorneys for Plaintiff*